ome
nline Services
bout Us
ontact Us
y Account



# Miami-Dade County Civil, Family and Probate Courts Online System

☐ Back to Search

ALVARO TORRES VS FLORIDA POWER & LIGHT COMPANY

**Local Case Number:** 2017-009674-CA-01

**Filing Date:** 04/24/2017

**State Case Number:** 132017CA009674000001

**Case Type:** Discrimination - Employment or Other

**Consolidated Case No.:** N/A

EXHIBIT B

**Judicial Section:** CA25

**Case Status:** OPEN

## ▸ Parties

**Number of Parties: 2**

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Torres, Alvaro | B#: 659703<br>N: Ochalek, Gregory M. | |
| Defendant | Florida Power & Light Company | | |

## ▸ Hearing Details

**Number of Hearing: 0**

No hearing information found

## ▸ Dockets

**Dockets Retrieved: 10**

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 9 | 09/20/2017 | | Receipt: | Event | RECEIPT#:3010037 AMT PAID:$1.00 ALLOCATION CODE QUANTITY UNIT AMOUNT 3120-COPY 1 $1.00 $1.00 TENDER TYPE:CASH TENDER AMT:$1.00 RECEIPT DATE:09/20/2017 REGISTER#:301 CASHIER:TWYLAT |
| 8 | 08/16/2017 | | Receipt: | Event | RECEIPT#:3520211 AMT PAID:$10.00 NAME:OCHALEK, GREGORY M. 19553 NW 2ND AVENUE #217 MIAMI GARDENS FL 33169 ALLOCATION CODE QUANTITY UNIT AMOUNT |

EXHIBIT B

| | | | | 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEI |
|---|---|---|---|---|
| | 08/15/2017 | 20 Day Summons Issued | Service | |
| 7 | 08/15/2017 | ESummons 20 Day Issued | Event | *Parties: Florida Power & Light Company* |
| 6 | 08/14/2017 | Notice of Change of Address | Event | |
| 5 | 08/14/2017 | Notice of Unavailability/absence | Event | |
| 4 | 08/14/2017 | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 3 | 04/25/2017 | Receipt: | Event | **RECEIPT#:3440243 AMT PAID:$401.00 NAME:OCHALEK, GREGORY M. 90 SW 8TH ST STE 211 MIAMI FL 33130-3030 ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT D** |
| 2 | 04/24/2017 | Complaint | Event | |
| 1 | 04/24/2017 | Civil Cover | Event | |

☐ Back to Search

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp

Email | Login

EXHIBIT B

Home  |  Privacy Statement  |  Disclaimer  |  Contact Us  |  About Us

2015 Clerk of the Courts. All Rights reserved.

EXHIBIT B

Filing # 55454954 E-Filed 04/24/2017 06:20:19 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

Alvaro Torres
Plaintiff
vs.
Florida Power & Light Company
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

EXHIBIT B

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (  )**
(Specify)

2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Gregory M Ochalek    FL Bar No.: 659703
Attorney or party                                        (Bar number, if attorney)

Gregory M Ochalek    04/24/2017
(Type or print name)                                    Date

EXHIBIT B

Filing # 55454954 E-Filed 04/24/2017 06:20:19 AM

## IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**ALVARO TORRES**  
Plaintiff,  

v.  

**FLORIDA POWER & LIGHT COMPANY,**  
**A Florida Corporation,**  
Defendant.

CASE NO.  
Fla. Bar # 659703

## COMPLAINT FOR DAMAGES BY JURY TRIAL DEMAND ON ALL COUNTS

Comes Now, Plaintiff Alvaro Torres for relief and alleges as follows;

### I. PARTIES

1. **Plaintiff** Alvaro Torres (Torres hereafter) is an individual employed by Florida Power & Light Company performing his employment duties in Miami-Dade County Florida for all herein claims material times.

3. **Defendant** Florida Power and Light Company (FPL hereafter) is a Florida energy company which has employed Torres for all herein claims material times.

### II. CONCURRENT FLORIDA AND FEDERAL JURISDICTION AND VENUE

4. This is a dual statutory civil action by Torres seeking FLORIDA relief for unlawful employment discrimination and unlawful reprisal conduct by FPL under the "Florida Civil Rights Act" (FCRA hereafter) and also FEDERAL Title VII of the United States Code relief for same conduct by FPL against Torres.

5. PLAINTIFF Torres works for FPL in Miami-Dade County, USA and is subject to Florida Court Jurisdiction and also concurrent Federal Court jurisdiction as virtually all material business, transactions and records keepings, and material work performances at issue herein occurred in Miami-Dade County, Florida USA.

6. DEFENDANT FPL has worksite locations in Miami-Dade County, USA where it employs Torres for compensation, and is subject to Florida Court Jurisdiction and also concurrent Federal Court jurisdiction as virtually all material business, transactions and records keepings, and material work performances at issue herein occurred in Miami-Dade County, Florida USA.

1

EXHIBIT B

7. Venue is proper in this forum by FS 47.011, the FCRA, and USC Title VII as the material conduct at issue by the Parties occurred in Miami-Dade County, Florida and/or the Defendant(s) reside and/or transact business in Miami Dade County, Florida, with all Legal Conditions precedent now timely met and performed as legally required to obtain court venue and jurisdictions.

### III. CONCURRENT FLORIDA CAUSE(S) OF ACTION; COUNT 1: VIOLATION OF THE "*FCRA*" BY FPL'S UNLAWFUL DISCRIMINATORY AND RETALIATORY ACTS AGAINST TORRES.

8. Plaintiff(s) re-allege nos. 1-7 and fully incorporates same herein.

9. Torres is a dark skinned Nicaraguan origin, FPL employee who informally and formally made FPL internal workplace objections and complaints to his FPL supervisors and also the FPL Equal Employment Opportunity (EEO hereafter) Officers, and his co-workers, to give same open Notice to FPL of its unlawful race/national origin and EEO retaliations.

10. Said complaints regarding FPL's strong favoritism for Cuban nationals at work made by Torres to FPL caused direct unlawfully motivated FPL's adverse and discriminatory employment considerations and decisions regarding FPL adverse; allotments of Torres work information flow conductions, work schedulings, work compensations, job positions notices, job placements, job promotions opportunities, job promotions, and job disciplines based upon FPL unlawful race and retaliation based acts and omissions.

11. FPL adversely; pre-selected promoted employees over Torres, communicated with Torres on work related matters and work "matrix" information, changed his work hours, changed his pay scales compensation, denied his promotional opportunities, rotations and lend outs, and optimal job placements and timely notices of same, and denied him fair work policy implementations and engaged in hostility to his FPL policy EEO complaints and oppositions as an FPL design to diminish Torres career status, create great emotional stress and drive him from his FPL employment.

12. Torres, after being denied promotion about 10 times, and his numerous times of openly alerting FPL that he would file an EEOC Agency external complaint regarding the

2

issues in numbers 9, 10, 11 supra then did so on July 29, 2014 in a Florida Commission on Human Relations (FCHR hereafter) and U.S. Equal Employment Opportunity Commission (EEOC hereafter) dual filed his **first** "*Charge of Discrimination*"...as a "*Continuing Action*" as EEOC Charge No. 510-2014-04448.

13. Thereafter FPL did not abate in the above noted adverse activities to Torres, and officially falsely disciplined Torres based on unlawfully motivated race and ethnic grounds and also in unlawful retaliation for Torres lawfully protected EEO complaints and activities to cause Torres more emotional stress and career damage and chilling threats to force Torres from his FPL employment.

14. Consequently, on January 27, 2017 Torres filed his **second** dual filed FCHR and EEOC "*Charge of Discrimination*"...as a "*Continuing Action*" as EEOC Charge No. 510-2017-01354 in which he alleged unlawful discrimination based on his national origin and for engaging in protected activity to oppose unlawful FPL workplace discrimination against him continuing to date.

15. Accordingly, Torres was denied FPL promotional opportunities twice and not even allowed to interview for same because Torres was told by FPL management that he had two disciplinary write ups to disqualify him from promotional considerations per FPL policy, despite Torres having no discipline record prior to his first EEO Charge of Discrimination filed July 29, 2014 and said discrimination and retaliation continuing to date.

16. Torres "second" Charge of Discrimination incorporated in it by the direct ipso facto listing of Torres "first" Charge of Discrimination to join the two in the record.

17. On January 27, 2017 the U.S. EEOC issued a dual "Notice of Suit Rights" to Torres to file suit herein and closed its dual FCHR agencies case.

3

EXHIBIT B
https://www2.miami-dadeclerk.com/ocs/ViewerHTML5.aspx?QS=B6%2f9EwnZlIiih%2b...    10/6/2017

18. FPL's above unlawful conduct against Torres has caused him deep emotional distress, humiliations, loss of work compensations and wages, and loss of job experience and prestige, loss of promotions, loss of job security and resulted in false disciplinary actions to damage his occupational reputation at FPL and externally, and is unlawfully Willful and continuing FPL misconduct in a vicious effort to drive Torres from his FPL employment.

**WHEREFORE,** Plaintiff Torres demands judgment for compensatory damages $500,000.00, or in alternative the maximum allowed by law, and also additional punitive damages as allowed by law for FPL's continuing Willful unlawful conduct, declaratory relief in which the Court directs FPL to stop all such conduct now and forever, and potential leave to Amend this Complaint for Jury trial as may be proper at a later date, attorneys fees and costs recovery as may be allowed per law, and any other relief seen fit by this Court.

### IV. CONCURRENT FEDERAL CAUSE(S) OF ACTION; COUNT 2: VIOLATION OF U.S.C. TITLE VII BY FPL'S UNLAWFUL DISCRIMINATORY AND RETALIATORY ACTS AGAINST TORRES.

19. Plaintiff Torres re-alleges numbers 1-18 above.

20. Pursuant to Federal "Notice" Pleading Torres has sufficiently pleaded his Federal Title VII of the Civil Rights Act of 1964 as amended by stating said claim for unlawful employment race/ethnic motivated discrimination and unlawful FPL job retaliations for Torres equal employment protected activities as set out fully above in his Florida job discrimination/retaliation ultimate facts pleadings.

21. Accordingly, the Defendant can meaningfully Answer.

**WHEREFORE,** Plaintiff Torres demands judgment for compensatory damages $500,000.00, or in alternative the maximum allowed by law, and also additional punitive damages as allowed by law for FPL's continuing Willful unlawful conduct, declaratory

4

EXHIBIT B

relief in which the Court directs FPL to stop all such conduct now and forever, and potential leave to Amend this Complaint for Jury trial as may be proper at a later date, attorneys fees and costs recovery as may be allowed per law, and any other relief seen fit by this Court.

By;    S//Gregory M. Ochalek, J.D. FBN 659703
90 SW 8th Street, No. 211
Miami, Fl 33130
t. 305.329.4590, f. 305.3294591
*PREFERRED Communications at;
ochaleklaw@gmail.com. **(Designated)**

5

Filing # 60327291 E-Filed 08/14/2017 03:27:00 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI DADE COUNTY, FLORIDA

**ALVARO TORRES**  CASE NO: 2017-009674-CA-01
    Plaintiff,

v.

**FLORIDA POWER & LIGHT COMPANY**
A Florida Corporation,
    Defendant.

| Server | ID # |
|---|---|
| Month | Date |
| Year | Time |

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA:

To: Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition this action on defendant:

    Florida Power & Light Company
    Attention: Registered Agent
    C/O DAVID M. LEE
    700 Universe Boulevard
    Juno Beach, Florida 33408

Each defendant is required to serve written defenses to the complaint or petition on Gregory M. Ochalek, J.D., Law Offices of Gregory M. Ochalek, P.L.L.C. as plaintiff's attorney, whose address is 19553 N.W. 2nd Avenue, #217, Miami Gardens, Florida 33169, telephone number 305.329.4590, Designated Email: ochaleklaw@gmail.com, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney, or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED __August __14, __ 2017___

                CLERK OF THE COURT
                HARVEY RUVIN
                As Clerk of the Court

SEAL:

                By:_____
                As Deputy Clerk.

1

Filing # 60327292 E-Filed 08/14/2017 03:35:52 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI DADE COUNTY, FLORIDA

**ALVARO TORRES**  CASE NO; 2017-009674-CA-01
   Plaintiff,
v.
**FLORIDA POWER & LIGHT COMPANY**
A Florida Corporation,
   Defendant.

## In Re: OCHALEK'S NOTICE OF UNAVAILABILITY
## AUGUST 15th to SEPTEMBER 7st 2017

1. Undersigned Counsel, Gregory M. Ochalek, J.D. will be on now paid international travel for the above stated period.

### OCHALEK'S MOTION TO PROTECT/TOLL/ABATE PROCESS DURING UNAVAILABILITY & 10 DAY RESPONSE EXTENSION

2. PER ABOVE, should any hearings, depositions, meetings, case management or the like be scheduled or set between the Parties and/or the Court Ochalek moves for CONTINUANCE, rollover and/or for Protection and hearing on same outside of stated period. Further, should any legal responses/time frames become due during said period it is requested same be given 10 additional days from the date of Ochalek's return.
**WHEREFORE**, Ochalek requests Protection and a 10 day response extension from date of his return.

S//Gregory M. Ochalek, J.D. FBN 659703

I HEREBY CERTIFY that on the ___14__ day of __August__, 2017, I sent a true copy herein via Email to:
all listed on EPortal service list.

S//Gregory M. Ochalek, J.D. FBN 659703
ochaleklaw@gmail.com
19553 NW 2nd Avenue, Suite 217
Miami Gardens, Florida 33169
t. 305.329.4590 f.305.329.4591

1

EXHIBIT B

Filing # 60327292 E-Filed 08/14/2017 03:35:52 AM

### IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
### IN AND FOR MIAMI DADE COUNTY, FLORIDA

**ALVARO TORRES**  CASE NO; 2017-009674-CA-01
    Plaintiff,
v.
**FLORIDA POWER & LIGHT COMPANY**
A Florida Corporation,
    Defendant.

### OCHALEK'S NOTICE OF OFFICE ADDRESS CHANGE

Please Take Notice that due to building tear down the undersigned's new office address is:

19553 N.W. 2nd Avenue, #217
Miami Gardens, Florida 33169.

Please continue to use the same ochaleklaw@gmail.com Designated Email address for all possible communications, documents and like.

S//Gregory M. Ochalek, J.D. FBN 659703

I HEREBY CERTIFY that on the ___14___ day of __August__, 2017, I sent a true copy herein via Email to:
all listed on EPortal service list.

S//Gregory M. Ochalek, J.D. FBN 659703
**ochaleklaw@gmail.com**
19553 NW 2nd Avenue, Suite 217
Miami Gardens, Florida 33169
t. 305.329.4590, f. 305.329.4591

1

EXHIBIT B

Filing # 60327291 E-Filed 08/14/2017 03:27:00 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI DADE COUNTY, FLORIDA

**ALVARO TORRES**
    Plaintiff,

CASE NO: 2017-009674-CA-01

v.

**FLORIDA POWER & LIGHT COMPANY**
A Florida Corporation,
    Defendant.

| Server | ID # |
|---|---|
| Month | Date |
| Year | Time |

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA:

To: Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition this action on defendant:

    Florida Power & Light Company
    Attention: Registered Agent
    C/O DAVID M. LEE
    700 Universe Boulevard
    Juno Beach, Florida 33408

Each defendant is required to serve written defenses to the complaint or petition on Gregory M. Ochalek, J.D., Law Offices of Gregory M. Ochalek, P.L.L.C. as plaintiff's attorney, whose address is 19553 N.W. 2nd Avenue, #217, Miami Gardens, Florida 33169, telephone number 305.329.4590, Designated Email: ochaleklaw@gmail.com, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney, or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED __August __14, __ 2017___

SEAL:

CLERK OF THE COURT
HARVEY RUVIN
As Clerk of the Court
By: *Ponelle Brown* 164659
As Deputy Clerk.

1